■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL CASTRO, Appellant.—Judgment of Supreme Court, New York County (Eugene Nardelli, J., at hearing, plea and sentence), rendered December 17, 1987, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and sentencing him to a term of imprisonment of from five years to life, unanimously affirmed.

The police received information from a confidential informant that he had negotiated the transfer of one kilo of cocaine. He had made the arrangement with a woman named Hernandez, who was to arrive from Miami that night at LaGuardia Airport. Officer Delgado, his team and informant went to the airport where the informant identified Hernandez among the passengers disembarking an airliner. She was accompanied by defendant. Delgado observed defendant, while in the baggage claim area, twice run up the stairs for no apparent reason, stop suddenly, turn completely around and look back and forth. Defendant retrieved from the baggage claim area a black and tan folding bag that had been pointed out by Hernandez, and walked out carrying that bag and a

duffel bag while Hernandez carried other bags. Once on the sidewalk, the police approached them, identified themselves and asked to search their bags. They consented, but repeatedly denied ownership of the black and tan bag even after Delgado noted that it had defendant's name on it. Upon searching the bag, Delgado found a kilo of cocaine, a .357 magnum and 13 rounds of ammunition.

Hernandez was convicted, upon her plea of guilty, of criminal possession of a controlled substance in the second degree, which conviction has been affirmed on appeal (162 AD2d 417).

Based on the information provided by the confidential informant, and the officers' observations of defendant and Hernandez, who were obviously traveling together, including defendant's exercise of control over a bag pointed out by Hernandez, the police had reasonable suspicion to stop and detain defendant (People v De Bour, 40 NY2d 210).

Defendant's denial of ownership of the black and tan bag was an effective abandonment of that property (People v D'Ambrosio, 28 AD2d 1130), leaving him without a possessory interest or expectation of privacy in its contents. Such property is not subject to the constitutional protections against unreasonable searches and seizures, and the search, therefore, was proper.

We find that defendant's sentence was not excessive or unduly harsh. Further, his sentence was the result of a negotiated plea agreement. " 'Having received the benefit of his bargain, defendant should be bound by its terms' " (People v Rush, 155 AD2d 241, 242). Concur—Kupferman, J. P., Milonas, Ellerin, Wallach and Rubin, JJ.