■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN PELLOT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 14, 1990, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly excluded, as impeachment evidence, the unsworn, audiotaped statement made to the police by the People's hostile witness (see, CPL 60.35 [1]). Nevertheless, the prosecutor's *repeated* questions containing the substance of the witness's prior statements served a similar purpose. This conduct was clearly improper (see, People v Brazzeal, 172 AD2d 757, 760). Moreover, the impeachment was improper since the witness's failure to recollect the incident did not tend to disprove the position of the People but at most deprived the People of evidence to strengthen their case (see, People v Fitzpatrick, 40 NY2d 44; People v Velasquez, 167 AD2d 364).

However, the prosecutorial misconduct in this case was harmless error in light of the overwhelming evidence of guilt, which included the testimony of an eyewitness to the stabbing, who also heard the defendant make an incriminating remark (see, People v Comer, 146 AD2d 794, 795; People v Zenger, 134 AD2d 640; cf., People v Brazzeal, supra).

The defendant contends that certain remarks made by the

prosecution during summation were prejudicial. However, we find that any errors of law with respect thereto were either unpreserved for appellate review or do not warrant reversal *(see, People v Boero,* 117 AD2d 814, 815). Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.