■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY CHURCH, Appellant.—Judgment, Supreme Court, New York County (Ira Beal, J.), rendered May 22, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and sentencing him to a term of 3 years to life imprisonment, unanimously affirmed.

The trial court properly denied the motion to suppress the physical evidence. The Amtrak investigator's approach to defendant was justified as a request for information (People v Hollman, 79 NY2d 181). Defendant and his companions rushed into the concourse area of the train station and pushed their way into a ticket line; the companions instructed defendant to hurry to Washington, D.C. and to come right back; one of the companions produced a large amount of cash when purchasing the train ticket; and defendant trembled and

stuttered as he waited in line *(People v D'Ambrosio,* 28 AD2d 1130). These observations provided an "objective credible reason" to approach defendant and ask him nonthreatening questions. Since the officer's inquiry was proper, defendant's decision to toss away his gym bag constituted an abandonment of the property and a relinquishment of any expectation of privacy as to its contents *(see, People v Castro,* 162 AD2d 425, 426). Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.