■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. O'KEEFE, Appellant. [594 NYS2d 265] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered January 17, 1991, convicting him of attempted burglary in the second degree, criminal mischief in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the statements he made while he was in police custody should have been sup-

pressed. The evidence fully supports the People's claim that those statements were freely volunteered and were not made in response to any questioning or coercion. For a statement to be suppressed because the defendant was intoxicated when it was made, the degree of inebriation must have risen to the level of "mania" *(People v Schompert,* 19 NY2d 300, *cert denied* 389 US 874). There was no clear evidence at the hearing that the defendant's intoxication reached that stage *(see, People v McClaney,* 135 AD2d 901).

The defendant claims that due to his intoxication he was unable to form the requisite intent necessary to sustain the convictions for attempted burglary in the second degree, criminal mischief in the third degree, and resisting arrest. "While it is true that a defendant may offer evidence of his intoxication whenever it is relevant to negative an element of the crime charged *(see,* Penal Law § 15.15), it has likewise been held that even an inebriated individual may be capable of forming an intent" *(People v Lang,* 143 AD2d 685). The question of whether the defendant was so intoxicated as to be unable to form the requisite intent to be guilty of the crimes he was convicted of presents issues of fact and credibility for the jury to resolve *(see, People v Merrill,* 132 AD2d 573; *People v Lyng,* 154 AD2d 787; *People v Shapiro,* 96 AD2d 626). Based upon the record in this case, we find that the jury's resolution of these issues had sufficient evidentiary support and should not be disturbed.

We find the defendant's remaining contention to be without merit. Thompson, J. P., Bracken, Eiber and Pizzuto, JJ., concur.