■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS FRAZIER, Appellant. [594 NYS2d 240] —Judgment, Supreme Court, New York County (Richard Failla, J.), rendered July 8, 1991, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's abandonment of the paper bag filled with drugs was not caused by any illegal police misconduct and once abandoned, the police were entitled to open the bag and the illegal drugs discovered inside provided the police with probable cause to make the arrest *(see, People v Martinez,* 80 NY2d 444, 448-449). Finally, the money recovered as a result of the search pursuant to arrest was admissible *(People v Troiano,* 35 NY2d 476, 478). Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Rubin, JJ.

■ In the Matter of ANTHONY GARVEY, as President of the Lieutenant's Benevolent Association, Inc., Appellant, v LEE BROWN, as Police Commissioner of the City of New York, et al., Respondents. [594 NYS2d 238] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered November 18, 1991, which, to the extent appealed from, denied petitioner's application for a preliminary injunction pursuant to CPLR 7502 (c), unanimously affirmed, without costs.

Unlike the collective bargaining agreement between the City of New York and the Sergeant's Benevolent Association, the Lieutenant's Benevolent Association collective bargaining agreement did not incorporate the terms of either the Impasse Panel report or the 1981 memorandum of agreement on the subject of solo supervisory radio motor patrols, and thus the grievance is not an arbitrable controversy.

We have considered petitioner's other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Rubin, JJ.