■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK RODRIGUEZ, JR., Appellant. [597 NYS2d 18] —Judgment, Supreme Court, New York County (Herbert Altman, J., on speedy trial motion; Joan B. Carey, J., at trial and sentence) rendered January 13, 1987, convicting defendant, after a jury trial, of five counts of robbery in the second degree, and sentencing him as a predicate violent felony offender to three

concurrent terms of 4 to 8 years to run consecutively to two concurrent terms of 4 to 8 years, unanimously affirmed. Order, Supreme Court, New York County (Herbert Altman, J.), entered June 5, 1991, denying defendant's CPL 440.10 motion, unanimously affirmed.

Whether by reason of chronic post-traumatic stress disorder defendant lacked substantial capacity to know or appreciate either the nature and consequences of his conduct or that such conduct was wrong (Penal Law § 40.15), presented an issue for the jury, conflicting medical evidence having been offered in that regard. Where conflicting expert testimony is presented, the jury has the right to accept or reject the opinion of any expert, and where, as here, there are no serious flaws in the testimony of the People's expert, the jury's finding of sanity will not be disturbed (People v Jandelli, 118 AD2d 656, 656-657). Accordingly, viewing the evidence, as we must, in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we reject the defendant's contention that the People failed to prove his sanity beyond a reasonable doubt, the required standard of proof at the time of the commission of the crimes.

Defendant's remaining contentions are also without merit. He was not denied a speedy trial, much of the delay having been occasioned by the need for psychiatric evaluations, which is excludable under CPL 30.30 (4) (a) as "other proceedings concerning the defendant". Nor was defendant denied effective assistance of counsel. The one misstatement in summation concerning the burden of proof with respect to the insanity defense was not prejudicial since the court repeatedly instructed the jury as to the burden of proof that obtained at the time of the commission of the crimes, and there was no showing that the CPL 30.30 motion would have succeeded had trial counsel included additional periods of time (see, People v Rivera, 71 NY2d 705; cf., People v O'Connell, 133 AD2d 970).

Finally, the trial court appropriately imposed a consecutive sentence for the last robbery since it was committed while defendant was free on bail on the earlier robberies, and there was no showing of mitigating circumstances that bore directly upon the manner in which the latter robbery was committed (Penal Law § 70.25 [2-b]). Concur—Milonas, J. P., Rosenberger, Ross and Kassal, JJ.