■ In the Matter of MIGUEL C., a Person Alleged to be a Juvenile Delinquent, Appellant. [602 NYS2d 172] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lauria, J.), dated November 17, 1992, which, upon a fact-finding order of the same court, dated October 23, 1992, made upon his admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title II, for a period not to exceed 18 months. The appeal brings up for review the denial, after a hearing, of the appellant's motion to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On September 18, 1992, at 10:30 P.M., a police officer observed the appellant and his two companions walking down a residential street and looking into parked cars and down driveways. The appellant was carrying a duffel bag that appeared to the police officer to be "very, very heavy". The officer and his partner stopped their vehicle, exited, identified themselves as police officers, and approached the three boys. As the officers were asking "routine questions—where you're coming from, where you're going"—the appellant suddenly dropped the duffel bag and attempted to flee with his two companions. Hearing a sound like that of a gun hitting the ground, one officer grabbed the bag while the other officer managed to grab the appellant. Upon opening the bag, the officer discovered two sawed-off rifles and arrested the appellant.

Contrary to the appellant's contention, the hearing court

properly denied his motion to suppress the guns. Under the circumstances, the two officers acted lawfully when they approached the appellant and his companions in order to request information *(see, People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210; *People v Fitz,* 187 AD2d 449). The appellant's act of dropping the duffel bag and attempting to flee in the face of lawful police conduct constituted an abandonment of the bag *(see, People v Diaz,* 80 NY2d 950; *People v Church,* 188 AD2d 271). Once the bag was abandoned by the appellant, the officer could properly retrieve and open the bag. The discovery of the guns inside provided them with probable cause to arrest the appellant *(see, People v Diaz, supra; People v Frazier,* 191 AD2d 220). Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.