the jacket in its uncleaned condition would have altered the outcome of the trial *(see, People v Vilardi,* 76 NY2d 67, 77; *People v Gonzalez,* 168 AD2d 568).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS RICHARDSON, Appellant. [628 NYS2d 119] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 7, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We agree with the defendant that the trial court's closure of the courtroom to the general public during the testimony of Undercover Police Officer No. 2376 was improper. At the *Hinton* hearing *(see, People v Hinton,* 31 NY2d 71), the undercover police officer testified that, approximately five months before the trial, he had been transferred from Kings County to New York County. Although he testified that he had made approximately 200 narcotics purchases in both counties, there was no testimony that he still had cases pending in Kings County. Moreover, the testimony concerning possible threats to his safety was vague and conclusory. Thus, we find that the People's perfunctory showing was insufficient to meet the standard for closure of the courtroom enunciated by the Court of Appeals *(see, People v Martinez,* 82 NY2d 436; *People v Davis,* 210 AD2d 500).

The defendant's remaining contention is without merit. Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASILIO ROMAN, Appellant. [628 NYS2d 290] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 23, 1993, convicting him of arson in the second degree and assault in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 10 to 20 years imprisonment and three to six years imprisonment, respectively. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.