■ In the Matter of TORRY R., a Person Alleged to be a Juvenile Delinquent, Appellant. [633 NYS2d 343] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Schindler, J.), dated August 12, 1994, which, upon a fact-finding order of the same court, dated June 2, 1994, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, and that he had committed the crime of unlawful possession of a weapon by a person under 16, adjudged him to be a juvenile delinquent and placed him with the Division for Youth

for a period of up to 18 months. The appeal brings up for review the fact-finding order dated June 2, 1994, as well as the denial, after a hearing by the same court, of the branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the hearing court properly denied the branch of his omnibus motion which was to suppress a brown leather bag and the gun that it contained. The evidence adduced at the suppression hearing established that the arresting officer acted lawfully when he approached the appellant in order to request information (see, People v Hollman, 79 NY2d 181; People v De Bour, 40 NY2d 210; People v Fitz, 187 AD2d 449). The appellant's act of dropping the bag in the face of lawful police conduct and denying ownership thereof when asked if it was his constituted an abandonment of the bag (see, People v Diaz, 80 NY2d 950; People v Toodles, 184 AD2d 674). Once the bag was abandoned by the appellant, the officer could properly retrieve and open the bag, and the discovery of the gun inside provided him with probable cause to arrest the appellant (see, People v Diaz, supra; Matter of Miguel C., 196 AD2d 868; People v Frazier, 191 AD2d 220).

Viewing the evidence in the light most favorable to the presentment agency (see, People v Contes, 60 NY2d 620; Matter of Stafford B., 187 AD2d 649, 650), we find that it was legally sufficient to support the fact-finding order. Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Her determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88; Matter of Joseph J., 205 AD2d 776). Moreover, upon the exercise of our factual review power, we are satisfied that the determination was not against the weight of the evidence (cf., CPL 470.15 [5]). Balletta, J. P., Thompson, Ritter and Florio, JJ., concur.