■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN SUAREZ, Appellant. [687 NYS2d 650] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered September 25, 1996, convicting him of robbery in the first degree, burglary in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentences imposed on the convictions of robbery in the first degree and burglary in the first degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

Where, as here, a defendant moves to dismiss an indictment on the grounds specified in CPL 30.30 and makes a prima facie showing that the People exceeded the six-month trial readiness deadline, the burden falls on the People to demonstrate that the delay greater than six months should be excluded (*see, People v Santos,* 68 NY2d 859, 861; *People v Kendzia,* 64 NY2d 331, 337). Contrary to the defendant's contention, the People's papers were sufficient to justify denying the motion without a hearing inasmuch as they have shown that the chargeable time did not exceed six months.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant was sentenced to concurrent indeterminate terms of 12½ to 25 years imprisonment for the convictions of robbery in the first degree and burglary in the second degree. This was improper. Pursuant to Penal Law § 70.04 (2), when the court has found, as in this case, that a defendant is a second violent felony offender, the court must impose a determinate sentence of imprisonment which shall be in whole or half years.

As a result, the matter must be remitted for resentencing on the robbery and burglary convictions in accordance with Penal Law § 70.04 (2).

The defendant's remaining contentions are without merit. Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.