■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX GONZALEZ, Appellant. [773 NYS2d 889]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Angiolillo, J.), rendered May 29, 2002, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt beyond a reasonable doubt because his intoxication rendered him incapable of forming the requisite criminal intent (*see* Penal Law § 15.25). An intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent (*see People v Taylor,* 245 AD2d 399 [1997]; *People v Bergamini,* 223 AD2d 548, 549 [1996]; *People v O'Keefe,* 191 AD2d 464, 465 [1993]; *People v Angel,* 185 AD2d 356, 358 [1992]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions either are without merit or do not require reversal. Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.