■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL LAGUERRE, JR., Appellant. [815 NYS2d 211]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered May 25, 2005, convicting him of burglary in the first degree, sodomy in the first degree, assault in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to prove his guilt by legally sufficient evidence because he was not responsible by reason of mental disease or defect (*see* Penal Law § 40.15), and his intoxication rendered him incapable of forming the requisite criminal intent (*see* Penal Law § 15.25). Initially, this argument is unpreserved for appellate review because the defendant did not raise these claims with specificity in his motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20-21 [1995]; *People v Jagoo,* 2 AD3d 750 [2003]; *People v Dorst,* 194 AD2d 622 [1993]). The defendant's motion to set aside the verdict pursuant to CPL 330.30, in which he raised essentially the same arguments that he now raises on appeal, was not sufficient to preserve these contentions for appellate review (*see People v Padro,* 75 NY2d 820, 821 [1990];

*People v Gaskin,* 22 AD3d 864 [2005], *lv denied* 6 NY3d 813 [2006]). In any event, the general rule is that an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent (*see People v Gonzalez,* 6 AD3d 457 [2004]; *People v Taylor,* 245 AD2d 399 [1997]; *People v Bergamini,* 223 AD2d 548, 549-550 [1996]; *People v Dorst, supra; People v O'Keefe,* 191 AD2d 464, 465 [1993]; *People v Angel,* 185 AD2d 356, 358 [1992]). Moreover, the prosecution offered expert testimony to rebut the defense expert that the defendant did not suffer from a mental disease or defect of sufficient severity which would render him not responsible for the instant crimes. The conflicting expert testimony created a credibility issue for the jury's determination (*see People v Gaimari,* 176 NY 84, 94 [1903]; *People v Gardella,* 5 AD3d 695, 696 [2004]). Its determination is supported by the record (*see People v Gardella, supra; People v Mallen,* 247 AD2d 556 [1998]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's current challenges, pursuant to Family Court Act § 305.2 (3) and § 724 (a), to the police ruse used to obtain a sample of his saliva for DNA purposes, are unpreserved for appellate review, inasmuch as he failed to controvert the implementation of the ruse on these grounds at the trial court level (*see* CPL 470.05 [2]; *People v Toellner,* 299 AD2d 567 [2002]). In any event, the defendant's contentions are without merit. The police may engage in a ruse with respect to a defendant as long as it is "not coercive or so fundamentally unfair as to deny due process" (*People v Amador,* 11 AD3d 473, 474 [2004]; *see People v Tankleff,* 84 NY2d 992, 994 [1994]; *People v Tarsia,* 50 NY2d 1, 11 [1980]; *People v Joseph,* 309 AD2d 946, 947 [2003]; *People v Marquez,* 302 AD2d 477, 478 [2003]). Here, police detectives did not deprive the defendant of due process when they obtained a sample of his DNA from a piece of chewing gum he voluntarily discarded in the course of a contrived Pepsi taste test challenge. Contrary to the defendant's contentions, the mandates of the Family Court Act regarding parental notification do not apply in instances where the police arrest a juvenile as a juvenile offender, rather than as a juvenile delinquent (*see People v Vargas,* 169 AD2d 746, 747 [1991]; *People v Bonaparte,* 130 AD2d 673, 674 [1987]; CPL 1.20 [42]). Thus, the police did not

violate the defendant's rights under the 14th Amendment to the United States Constitution when they lawfully retained the piece of chewing gum, because the defendant freely discarded and abandoned it inside a cup that he handed to a police detective during the supposed taste test (see Matter of Torry R., 220 AD2d 749, 750 [1995]; Matter of Miguel C., 196 AD2d 868, 869 [1993]; Matter of David R., 170 AD2d 453, 454 [1991]).

The defendant's contentions regarding the verdict sheet and the court's jury charge with respect to the verdict sheet are unpreserved for appellate review because he did not renew his initial objection after the court reinstructed the jury in response to his concerns, and he did not object to the court's further elaboration regarding the verdict sheet in response to a question from the jury (see People v Tate, 200 AD2d 602, 602-603 [1994]). In any event, the court's instructions regarding the verdict sheet directing the jury, for each count, to first check either "guilty" or "not guilty," and, if it checked "guilty," to then determine whether to check "not responsible by reason of mental disease or defect," fully complied with "the axiom that in a criminal prosecution due process imposes on the prosecution the unalterable burden of proving beyond a reasonable doubt every element of the crime charged" (People v Kohl, 72 NY2d 191, 198 [1988]; see People v Robson, 197 AD2d 602 [1993]). The defendant, therefore, was not prejudiced by the court's charge regarding the verdict sheet, and the defendant's conviction does not merit reversal on this basis, even though the court's instructions technically may have violated the directive of CPL 300.10 (4) to elicit a single verdict for each count. Any technical error in the court's charge regarding the verdict sheet was harmless in light of the overwhelming evidence of the defendant's guilt, the clarity of the court's instructions, the court's verification on each count after the jury pronouncement of guilt that the jury had not found the defendant not responsible by reason of mental disease or defect, and the conformity of the court's instructions with the proper reasoning process to be followed (cf. People v Livingston, 157 AD2d 859 [1990]).

The defendant claims that the court improperly imposed sentence when it allegedly reconsidered its initial decision to order a presentence physical and mental examination pursuant to CPL 390.30 (2). Since the defendant failed to raise this argument before the court at the sentencing proceeding, it is not preserved for appellate review (see CPL 470.05 [2]). In any event, since the Probation Department's presentence investigation report contained the results of the court-ordered mental health forensic evaluation of the defendant, the court provi-

dently exercised its discretion by imposing sentence without also ordering a mental examination of the defendant "in a designated facility . . . for a period not exceeding thirty days" (CPL 390.30 [2]).

On the facts presented, the imposition of consecutive terms of imprisonment for the burglary and sodomy convictions was legal (*see People v Gardner*, 281 AD2d 558 [2001]; *People v Roman*, 215 AD2d 697, 698 [1995]; *cf.* Penal Law § 70.25 [2]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.