■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEI YING WANG, Appellant. [826 NYS2d 285]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered December 13, 2002, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not denied the effective assistance of counsel. Viewing the record as a whole, we conclude that the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

Under CPL 250.10 (2), psychiatric evidence is not admissible by the defense at trial "unless the defendant serves upon the people and files with the court a written notice of his intention to present psychiatric evidence . . . before trial and not more than thirty days after entry of the plea of not guilty to the indictment." The decision whether to allow a defendant, in the "interest of justice and for good cause shown," to serve and file a late notice of intent to introduce psychiatric evidence is a discretionary determination to be made by the trial court (*People v Berk*, 88 NY2d 257, 265-266 [1996], *cert denied* 519 US 859 [1996]; *People v Conley*, 11 AD3d 706, 707 [2004]). However, it is undisputed that the defense counsel never served any written CPL 250.10 notice. The only pretrial notice established by the record was an oral notice provided immediately before trial.

The court did not improvidently exercise its discretion in denying the defendant's request for an adjournment to allow him to serve and file a late notice (*see People v Rivers*, 281 AD2d 348, 349 [2001]). The defendant did not demonstrate good cause for his failure to serve and file a notice. The record reflects that the defendant had ample time to serve and file a notice of his intention to present psychiatric evidence, and did not present any reason for his failure to do so (*see People v Brown*, 4 AD3d 886, 887 [2004], quoting *People v Rizzo*, 267 AD2d 1041, 1042 [1999]).

The defendant's contention that the People failed to prove by legally sufficient evidence that he intended to cause the victim's death is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (*see* Penal Law § 125.25 [1]; *People v Jones*, 309 AD2d 819, 820 [2003]). The defendant's intent may be inferred from his conduct and the surrounding circumstances (*see People v Bracey*, 41 NY2d 296, 303 [1977]; *People v Hernandez*, 257 AD2d 664, 665 [1999]). Moreover, upon the exercise of our

factual review power, we find that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.