■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MANNARINO, Appellant. [829 NYS2d 122]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered March 5, 2004, convicting him of assault in the second degree, criminal possession of a weapon in the third degree, and attempted assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite criminal intent (*see* Penal Law § 15.25). Initially, we note that this argument is unpreserved for appellate review because the defendant did not raise this claim with specificity in his motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20-21; *People v LaGuerre*, 29 AD3d 820, 821 [2006]). "In any event, the general rule is that an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (*People v LaGuerre, supra* at 822;

*see People v Gonzalez,* 6 AD3d 457 [2004]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.