■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON FLORES, Appellant. [836 NYS2d 273]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Doyle, J.), rendered October 28, 2004, convicting him of assault in the second degree (two counts), menacing in the second degree, aggravated criminal contempt, and criminal contempt in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court committed a *Sandstrom* error (*see Sandstrom v Montana,* 442 US 510, 522 [1979]) by asking the defense expert whether he agreed with "the proposition that man intends the natural consequences of his acts" is unpreserved for appellate review (*see People v Thomas,* 50 NY2d 467, 471 [1980]; *People v Tate,* 200 AD2d 602, 602-603 [1994]). In any event, there was no improper burden-shifting on the issue of intent tantamount to a *Sandstrom* error (*see generally People v McKenzie,* 67 NY2d 695, 697 [1986]; *People v Smith,* 32 AD3d 1318, 1319-1320 [2006]; *People v Jordan,* 138 AD2d 407 [1988]).

Contrary to the defendant's contention, the trial court properly permitted the People to introduce evidence of the defendant's prior criminal contempt convictions, which were based on violations of orders of protection issued in favor of the complainant, his former girlfriend, since such evidence bore directly upon the material issue of the defendant's intent to

commit the crimes charged (*see People v Hanson*, 30 AD3d 537, 538-539 [2006]; *People v Ramsey*, 1 AD3d 538 [2003]; *People v Wright*, 288 AD2d 409 [2001]; *People v Harvey*, 5 Misc 3d 751, 756 [2004]).

The defendant's specific challenge to the trial court's issuance of a subpoena for his medical records is unpreserved for appellate review. In any event, the defendant waived his physician-patient privilege by raising an intoxication defense (*see People v O'Connor*, 290 AD2d 519, 520 [2002]; *People v Gonzalez*, 239 AD2d 931, 932 [1997]; *People v Feldmann*, 110 AD2d 906 [1985]).

The defendant's contention that the People failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite criminal intent (*see* Penal Law § 15.25) is unpreserved for appellate review because the defendant did not raise this claim with specificity in his motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20-21 [1995]; *People v Mannarino*, 35 AD3d 631 [2006]; *People v LaGuerre*, 29 AD3d 820, 821 [2006]). In any event, an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent (*see People v LaGuerre, supra* at 822; *People v Gonzalez*, 6 AD3d 457 [2004]). Any conflict in the expert testimony created a credibility issue for the trier of fact to resolve (*see People v Gaimari*, 176 NY 84, 94 [1903]; *People v LaGuerre, supra*; *People v Taylor*, 245 AD2d 399 [1997]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant committed the crimes charged with the requisite criminal intent. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, his speedy-trial rights were not violated (*see People v Clark*, 11 AD3d 706 [2004]; *People v Brown*, 5 AD3d 789 [2004]; *People v Suarez*, 259 AD2d 640 [1999]; *People v Rodriguez*, 192 AD2d 465, 466 [1993]; *People v Scarpinito*, 186 AD2d 160 [1992]; *People v Melendez*, 182 AD2d 644 [1992]; CPL 30.30 [4] [b]).

The defendant's challenge to his adjudication and sentence as a second-felony offender is unpreserved for appellate review (*see People v Cruz*, 28 AD3d 675 [2006]; *People v Csoke*, 11 AD3d 631 [2004]; *People v Alston*, 289 AD2d 339 [2001]; *People v Hick-*

*man*, 276 AD2d 563 [2000]). In any event, the court's failure to specifically ask the defendant if he wished to controvert the allegations in the predicate felony statement was harmless, as the defendant admitted he was the person convicted of the prior felony, there is no indication that the defendant intended to claim that his prior conviction was unconstitutionally obtained, and he has not alleged any grounds to controvert the predicate felony statement (*see People v Alston, supra; People v Hickman, supra* at 564; *People v Mann*, 258 AD2d 738 [1999]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, that the indictment was defective, that he was maliciously prosecuted, and that he was deprived of the effective assistance of counsel, are without merit. Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.