THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ALSTON, Appellant. [838 NYS2d 671]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered June 29, 2005, convicting him of burglary in the first degree, burglary in the second degree (two counts), aggravated criminal contempt, and criminal contempt in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of burglary in the second degree under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's argument that the prosecution failed to submit legally sufficient evidence that the complainant sustained a "physical injury" within the meaning of Penal Law § 10.00 (9) is unpreserved for appellate review, as it was not raised with specificity in his motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Williams*, 23 AD3d 589 [2005]).

In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the complainant sustained a physical injury within the meaning of Penal Law § 10.00 (9). "Physical injury" means an impairment of physical condition or substantial pain (*see* Penal Law § 10.00 [9]; *People v Chiddick*, 8 NY3d 445 [2007]; *People v McDowell*, 28 NY2d 373, 375 [1971]). Here, the testimony of the People's witnesses established that the defendant repeatedly punched the complainant in her head, chest, and stomach and pushed her down a flight of stairs. After the attack, the complainant felt sore in her chest, neck, and back and received medical treatment at a hospital emergency room, where she was diagnosed with soft tissue injuries to her neck and chest and prescribed Vicodin for her pain. The complainant received additional treatment for her injuries from her doctor and, as of the date of her testimony over eight months after the incident, still suffered from muscle pain in her neck and back. The duration of the pain was evidence of its severity and provided a basis for the inference that the pain was substantial (*see People v Williams, supra* at 590; *People v Soto*, 184 AD2d 673 [1992]; *People v Rivera*, 183 AD2d 792, 793 [1992]).

The defendant's contention that the prosecution failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite criminal intent is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray, supra* at 19; *People v Mannarino*, 35 AD3d 631 [2006]). "In any event, the general rule is that an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (*People v LaGuerre*, 29 AD3d 820, 822 [2006]; *see* Penal Law § 15.25; *People v Gonzalez*, 6 AD3d 457 [2004]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes, supra* at 621), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent.

As the People correctly concede, the defendant's conviction of burglary in the second degree under count two of the indictment and the sentence imposed thereon must be vacated and that count of the indictment must be dismissed as an inclusory concurrent count of burglary in the first degree under the first count of the indictment (*see People v Grier*, 37 NY2d 847, 848 [1975]; *People v Beverly*, 35 AD3d 754 [2006]; *People v Vega*, 262 AD2d 589 [1999]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Goldstein, Skelos and Balkin, JJ., concur.