■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEHRU GUMBS, Appellant. [871 NYS2d 347]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered October 11, 2005, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal possession of a weapon in the second degree is unpreserved for appellate review as no such contention was raised before the Supreme Court. In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree (*see* Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [2]) beyond a reasonable doubt. The defendant's intent to cause serious physical injury (*see* Penal Law § 10.00 [10]) may be inferred from his conduct and the surrounding circumstances (*see People v Bracey,* 41 NY2d 296, 303 [1977]; *People v Mei Ying Wang,* 33 AD3d 820, 821 [2006]). Furthermore, the testimony of the eyewitness was not incredible as a matter of law and was corroborated by other evidence (*see People v Gouvatsos,* 45 AD3d 779, 780 [2007]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt, including the jury's cred-

ibility findings, was not against the weight of the evidence (see *People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court improperly considered charges of which he was acquitted as a basis for imposing the sentence is without merit. Further, the sentence imposed was not excessive (see *People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.