◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHATELL SPURGEON, Appellant. [880 NYS2d 707]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered September 15, 2006, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree (*see* Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [2]) beyond a reasonable doubt. The defendant's

intent to cause serious physical injury (*see* Penal Law § 10.00 [10]) may be inferred from his conduct and the surrounding circumstances (*see People v Bracey*, 41 NY2d 296, 303 [1977]; *People v Gumbs*, 58 AD3d 641 [2009], *lv denied* 12 NY3d 784 [2009]; *People v Mei Ying Wang*, 33 AD3d 820, 821 [2006]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the People improperly introduced a prior statement into evidence to impeach its own witness. The witness's testimony that he did not recall and did not remember whether he had seen the defendant at the crime scene did not affirmatively damage the People's case (*see* CPL 60.35 [1]; *People v Saez*, 69 NY2d 802, 804 [1987]; *People v Fitzpatrick*, 40 NY2d 44, 50 [1976]; *People v Andre*, 185 AD2d 276, 277 [1992]; *People v Brazzeal*, 172 AD2d 757, 759-760 [1991]). Therefore, the Supreme Court improperly admitted the prior statement into evidence (*see People v Fitzpatrick*, 40 NY2d 44 [1976]; *People v Pellot*, 186 AD2d 158 [1992]; *People v Andre*, 185 AD2d 276, 277 [1992]; *People v Brazzeal*, 172 AD2d at 759). However, the error was harmless in light of the overwhelming evidence of the defendant's guilt, which included testimony from two eyewitnesses and the fact that there is no significant probability that the jury would have acquitted the defendant but for the admission of the statement (*see People v Crimmins*, 36 NY2d 230 [1975]). The defendant also contends that a copy of this prior statement was improperly given to the jury during deliberations without adequate limiting instruction. However, this contention is unpreserved for appellate review (*see* CPL 470.05 [2]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in directing that the sentence run consecutively to the sentence he already was serving pursuant to a prior conviction (*see* Penal Law § 70.25 [b]; *People v Garcia*, 84 NY2d 336 [1994]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, do not warrant reversal. Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.