◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK BARRESI, Appellant. [914 NYS2d 684]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Konviser, J.), rendered April 7, 2009, convicting him of assault in the second degree and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prose-

cution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree (*see* Penal Law § 120.05 [2]). "[A]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (*People v Flores*, 40 AD3d 876, 877 [2007]; *see People v LaGuerre*, 29 AD3d 820, 822 [2006]; *People v Mannarino*, 35 AD3d 631 [2006]; *People v Gonzalez*, 6 AD3d 457 [2004]). The defendant's intent to cause physical injury (*see* Penal Law § 10.00 [9]) may be inferred from his conduct and the surrounding circumstances (*see People v Bracey*, 41 NY2d 296, 303 [1977]; *People v Spurgeon*, 63 AD3d 863, 864 [2009]; *People v Gumbs*, 58 AD3d 641 [2009]; *People v Mei Ying Wang*, 33 AD3d 820, 821 [2006]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.