THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISTIAN CHAFLA-SANAICELA, Appellant. [922 NYS2d 785]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered September 11, 2009, convicting him of burglary in the first degree (two counts), assault in the second degree, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree (*see* Penal Law § 140.30 [2], [3]), assault in the second degree (*see* Penal Law § 120.05 [2]), and criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [2]), despite his intoxication. " '[A]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent' " (*People v Barresi*, 80 AD3d 709, 710 [2011], quoting *People v Flores*, 40 AD3d 876, 877 [2007]; *see People v Raffaele*, 41 AD3d 869 [2007]; *People v LaGuerre*, 29 AD3d 820, 822 [2006]; *People v Mannarino*, 35 AD3d 631 [2006]). The defendant's intent to commit a crime and to injure the victim may be inferred here from the defendant's conduct and the surrounding circumstances (*see People v Bracey*, 41 NY2d 296, 303 [1977]; *People v Ehikhamenor*, 72 AD3d 700 [2010]; *People v Spurgeon*, 63 AD3d 863, 864 [2009]; *People v Gumbs*, 58 AD3d 641 [2009]; *People v Mei Ying Wang*, 33 AD3d 820, 821 [2006]). Moreover, in fulfilling our responsibility to conduct an independent review pursuant to CPL 470.15 (5), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Florio, Chambers and Miller, JJ., concur.