■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDDIE VASQUEZ, Respondent. [19 NYS3d 771]—Appeal by the People from an order of the Supreme Court, Queens County (Lasak, J.), dated March 21, 2012, which granted those branches of the defendant's motion pursuant to CPL 330.30 (1) which were to set aside the verdict convicting him of assault in the first degree (two counts), after a jury trial, and dismissed those counts of the indictment.

Ordered that the order is affirmed.

Contrary to the People's contention, the defendant adequately asserted in his motion for a trial order of dismissal the ground that the evidence was not sufficient to establish that the two victims were seriously disfigured within the meaning of Penal Law § 120.10 (2). Accordingly, that issue presented a question of law when the defendant later raised it in his motion to set aside the verdict pursuant to CPL 330.30 (1) (*cf. People v Padro*, 75 NY2d 820, 821 [1990]; *People v LaGuerre*, 29 AD3d 820, 821 [2006]).

Furthermore, we agree with the Supreme Court that the evidence was insufficient to support the defendant's conviction of assault in the first degree (two counts). The injuries

sustained by the complainants, a cut on the right arm and a cut on the chest, respectively, both of which resulted in a scar, do not constitute a "serious disfigurement" within the meaning of Penal Law § 120.10 (2) (*see People v Stewart*, 18 NY3d 831 [2011]; *People v McKinnon*, 15 NY3d 311, 316 [2010]). Accordingly, the court properly granted those branches of the defendant's motion pursuant to CPL 330.30 (1) which were to set aside the verdict convicting him of assault in the first degree (two counts). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.