■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIPAN CHANDER, Appellant. [34 NYS3d 492]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered February 27, 2013, convicting him of burglary in the first degree, arson in the third degree, attempted assault in the first degree, assault in the second degree (seven counts), reckless endangerment in the first degree (two counts), criminal possession of a weapon in the third degree (two counts), operating a motor vehicle while under the influence of alcohol or drugs (two counts), and resisting arrest, upon a jury verdict, and sentencing him to a determinate term of 18 years' imprisonment to be followed by five years of postrelease supervision on the conviction of burglary in the first degree, an indeterminate term of 5 to 15 years' imprisonment on the conviction of arson in the third degree, a determinate term of 10 years' imprisonment plus five years of postrelease supervision on the conviction of attempted assault in the first degree, determinate terms of seven years' imprisonment to be followed by three years of postrelease supervision on each of the convictions of assault in the second

degree, indeterminate terms of 2⅓ to 7 years' imprisonment on each of the convictions of reckless endangerment in the first degree, indeterminate terms of 2⅓ to 7 years' imprisonment on each of the convictions of criminal possession of a weapon in the third degree, indeterminate terms of 1⅓ to 4 years' imprisonment on each of the convictions of operating a motor vehicle while under the influence of alcohol or drugs, and a determinate term of imprisonment of one year on the conviction of resisting arrest, with the sentences on the convictions of burglary in the first degree, arson in the third degree, and three concurrent sentences on the convictions for assault in the second degree to run consecutively to each other, and the remaining sentences to run concurrently.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentence on the conviction of arson in the third degree shall run concurrently to the sentence on the conviction of burglary in the first degree; as so modified, the judgment is affirmed.

The defendant's contention that the prosecution failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite criminal intent is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Alston*, 42 AD3d 468, 469 [2007]). In any event, "the general rule is that an intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (*People v Alston*, 42 AD3d at 469 [internal quotation marks omitted]; *see* Penal Law § 15.25). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]; *see also People v Narimanbekov*, 258 AD2d 417 [1999]).

The defendant's contention that he was denied the effective assistance of counsel because his trial counsel failed to call an

expert witness in support of his claim of intoxication is not properly raised on direct appeal from the judgment, as the alleged failure to consult or hire an expert witness involves matter dehors the record (*see People v Hernandez*, 125 AD3d 885, 887 [2015]; *People v Staropoli*, 49 AD3d 568 [2008]).

In his pro se supplemental brief, the defendant contends that he was denied his constitutional and statutory right to a speedy trial (*see* CPL 30.20, 30.30). However, appellate review of this claim is precluded by the defendant's failure to provide a sufficient record for such review (*see People v Adamson*, 131 AD3d 701, 703 [2015]; *People v Davison*, 92 AD3d 691, 692 [2012]; *People v Thomas*, 46 AD3d 712, 712-713 [2007]; *People v Santana*, 232 AD2d 663 [1996]).

The sentence imposed was excessive to the extent indicated (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]).

The defendant's remaining contentions raised in his pro se supplemental brief are without merit. Balkin, J.P., Hall, Barros and Connolly, JJ., concur.