People v Langevin (2018 NY Slip Op 06339)





People v Langevin


2018 NY Slip Op 06339


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


879 KA 18-00429

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRUNO LANGEVIN, DEFENDANT-APPELLANT. 






GALLUZZO & ARNONE LLP, NEW YORK CITY (MATTHEW J. GALLUZZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered June 28, 2017. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree and sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal sexual act in the first degree (Penal Law § 130.50 [4]) and sexual abuse in the first degree (§ 130.65 [4]), defendant contends that County Court improperly charged the jury in response to a jury note about a potential deadlock during deliberations. We reject that contention. After less than three hours of deliberations, the jury sent a note asking "what happens if we can't agree on both charges." In response, the court instructed the jury that the court would "send [the jury] back in and tell you to keep working to come to an agreement because the law requires a unanimous jury verdict and it would relate to both charges. So I am going to ask you to continue your deliberations and do your best to come to an agreement on each of the charges. It's got to be unanimous" (emphasis added). Thus, although the court informed the jury that a verdict had to be unanimous, the court did not instruct the jury that a verdict was required. In our view, the court's "supplemental instruction viewed as a whole was simply encouraging rather than coercive and was appropriate in light of the fact that the . . . jury had been deliberating for less than four hours" (People v Ford, 78 NY2d 878, 880 [1991]; see People v Thomas, 113 AD3d 447, 447 [1st Dept 2014], lv denied 22 NY3d 1159 [2014]; see generally People v Morgan, 28 NY3d 516, 521-522 [2016]).
To the extent that defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to call an expert witness at the Huntley hearing and failure to call character witnesses at trial, that contention involves matters outside the record on appeal and must therefore be raised by way of a motion pursuant to CPL article 440 (see People v Chander, 140 AD3d 1181, 1182-1183 [2d Dept 2016], lv denied 28 NY3d 1026 [2016]; People v Washington, 122 AD3d 1406, 1406 [4th Dept 2014], lv denied 25 NY3d 1173 [2015]; People v Kaminski, 109 AD3d 1186, 1186 [4th Dept 2013], lv denied 22 NY3d 1088 [2014]). We have considered defendant's remaining allegation of ineffective assistance of counsel and, viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court