People v Melendez-Torres (2018 NY Slip Op 06767)





People v Melendez-Torres


2018 NY Slip Op 06767


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-08745
 (Ind. No. 553/15)

[*1]The People of the State of New York, respondent,
v
Boanerges Melendez-Torres, appellant.


Leslie W. Rubin, Floral Park, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Amanda Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered August 5, 2016, convicting him of sexual abuse in the first degree, burglary in the second degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On the evening of October 18, 2013, the defendant was invited into an apartment by a tenant who rented one of several bedrooms in the apartment. The complainant and her partner rented another one of the bedrooms. During the evening, the complainant's partner left the apartment. The defendant, who had consumed several beers, entered the complainant's bedroom, where she was sleeping. He took off his clothes, lay on top of her, and touched her breasts and vagina through her clothes while also ripping her clothes. During the incident, the defendant made statements indicating his intention to have sex with the complainant. The complainant was unable to free herself from the defendant until her partner returned and the defendant fled.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of sexual abuse in the first degree (see Penal Law § 130.65[1]; People v Barrera, 69 AD3d 951; People v Bonilla, 290 AD2d 454) and unlawful imprisonment in the second degree (see Penal Law § 135.05; People v Brown, 112 AD2d 1087).
The evidence was also legally sufficient to establish the defendant's guilt of burglary in the second degree. There was legally sufficient evidence that, although the defendant had been invited into the apartment, he was not authorized to enter the complainant's separate bedroom, which qualified as a dwelling (see Penal Law § 140.00[2], [3]; People v Mesko, 150 AD3d 1412, 1413; People v Clarke, 185 AD2d 124, 125, affd 81 NY2d 777; People v Smith, 144 AD2d 600, 601). The defendant's intent to commit a crime within the bedroom can be inferred from the circumstances of his entry, as well as his actions and statements during the incident (see People v Vasquez, 71 AD3d 1179, 1180). Notwithstanding evidence that the defendant had consumed several beers prior to this [*2]incident, it was for the trier of fact to determine if the extent of the defendant's intoxication negated his intent (see People v Chafla-Sanaicela, 84 AD3d 828, 829; People v Barresi, 80 AD3d 709, 710; People v Flores, 40 AD3d 876, 877).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). Moreover, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial (see People v Griffin, 98 AD3d 688, 690; People v Robinson, 84 AD3d 1277, 1277-1278; People v Melendez, 71 AD3d 1166, 1167).
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court