■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UNIQUE KING, Appellant. [925 NYS2d 561]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered April 22, 2009, adjudicating her a youthful offender, after a nonjury trial, finding her guilty of assault in the second degree and criminal possession of a weapon in the fourth degree, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review her contention that the evidence in support of the fourth count of the indictment was legally insufficient to prove that she acted with intent to cause physical injury since she, at most, acted recklessly. The defendant's motion to dismiss this count of the indictment failed to assert this argument as a ground for dismissal (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, this contention is without merit. The defendant's intent to cause physical injury (*see* Penal Law § 10.00 [9]) may be inferred from her conduct and the surrounding circumstances (*see People v Bracey*, 41 NY2d 296, 301 [1977]; *People v Barresi*, 80 AD3d 709, 710 [2011], *lv denied* 16 NY3d 856 [2011]; *People v Spurgeon*, 63 AD3d 863, 863-864 [2009]; *People v Gumbs*, 58 AD3d 641 [2009]). Furthermore, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt of the fourth count of the indictment, which charged assault in the second

degree (*see* Penal Law § 120.05 [2]), and the fifth count of the indictment, which charged criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [2]), beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). "[T]he appropriate standard for evaluating [a] weight of the evidence argument is the same, regardless of whether the factfinder was a judge or jury" (*People v Rojas*, 80 AD3d 782, 782 [2011] [internal quotation marks omitted]; *see People v Zephyrin*, 52 AD3d 543, 543 [2008]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's argument that the fifth count of the indictment was rendered duplicitous by the trial testimony is unpreserved for appellate review, as no objection was made by the defendant's counsel on this issue (*see* CPL 470.05 [2]). In any event, this contention is without merit (*see People v Wells*, 7 NY3d 51, 57 [2006]; *People v Davis*, 72 NY2d 32, 39 [1988]; *People v Jiminez*, 239 AD2d 360 [1997]). Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.