■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Appellant. [975 NYS2d 132]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 18, 2010, convicting him of assault in the second degree, harassment in the second degree, and trespass, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. The evidence presented at the suppression hearing established that the subject witness was very familiar with the defendant before the witness was asked to identify the defendant in a photo array, and that the identification was merely confirmatory (*see People v Rodriguez*, 79 NY2d 445 [1992]).

Contrary to the People's contention, the defendant's contention that his conviction of assault in the second degree (*see* Penal Law § 120.05 [1]) was not supported by legally sufficient evidence is preserved for appellate review (*see* CPL 470.05 [2]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt (*see People v King*, 85 AD3d 820 [2011]; *People v McDaniel*, 84 AD3d 1410 [2011]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence pursuant to CPL 470.15 (5), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). "[T]he appropriate standard for evaluating [a] weight of the evidence argument is the same, regardless of whether the factfinder was a judge or jury" (*People v Rojas*, 80 AD3d 782, 782 [2011] [internal quotation marks omitted]; *see People v King*, 85 AD3d at 821). Upon our review of the record here, we are satisfied that the verdict of guilt on the count of assault in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v King*, 85 AD3d at 820).

The defendant's contention that his convictions of harassment in the second degree and trespass were not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing

the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 621), we find that it was legally sufficient to establish the defendant's guilt of these crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we are satisfied that the verdict of guilt with respect to these crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d at 643-644).

The defendant contends that the County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 376 [1974]) was improper. The extent to which the prosecution should be allowed to impeach the credibility of a defendant is a matter that is generally left to the sound discretion of the trial court (*see People v Bennette*, 56 NY2d 142, 146 [1982]; *People v Carrasquillo*, 204 AD2d 735, 736 [1994]; *People v Johnston*, 186 AD2d 822 [1992]). Cross-examination is not automatically precluded on the ground that a prior crime is similar to that for which the defendant is on trial (*see People v Hayes*, 97 NY2d 203, 208 [2002]). Here, the County Court's *Sandoval* ruling allowed the prosecutor to ask the defendant about the facts underlying a remote youthful offender adjudication involving an act similar to that which he engaged in while committing the assault for which he was being tried, and precluded the prosecutor from inquiring about very recent similar acts. We conclude that this ruling was a provident exercise of discretion. The defendant's further contention regarding the County Court's *Sandoval* ruling, as well as the defendant's contentions regarding the County Court's conduct in addressing the People's *Ventimiglia* motion (*see People v Ventimiglia*, 52 NY2d 350 [1981]), are without merit.

The defendant's contention that the County Court improperly allowed the People to elicit from the complainant certain hearsay testimony related to the complainant's motive under the state-of-mind exception to the rule against hearsay is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, although the testimony was incorrectly admitted under the state-of-mind exception because the People failed to establish the foundational requirements for the exception (*cf. People v James*, 93 NY2d 620, 634-635 [1999]; *People v Leath*, 98 AD3d 690 [2012]), the error was harmless, since there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (*see People v Jackson*, 8 NY3d 869, 871 [2007]; *People v Crimmins*, 36 NY2d 230 [1975]). The defendant's further contention that admission

of the hearsay evidence deprived him of his constitutional right of confrontation is likewise unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, this contention is without merit, since the subject evidence was not testimonial (*see Crawford v Washington*, 541 US 36, 51 [2004]).

The defendant's contention that the trial judge displayed bias in its treatment of the defense is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Prado*, 4 NY3d 725, 726 [2004]; *People v Bedell*, 84 AD3d 1733 [2011]; *People v White*, 81 AD3d 1039 [2011]; *People v Marino*, 21 AD3d 430, 432 [2005]; *People v Darling*, 276 AD2d 922 [2000]). In any event, there is nothing in the record to support the defendant's claim of bias (*see People v Argentieri*, 66 AD3d 558, 559 [2009]; *People v Casey*, 61 AD3d 1011, 1014 [2009]; *People v Love*, 307 AD2d 528, 532 [2003]; *People v Maxam*, 301 AD2d 791, 793 [2003]).

The County Court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 (1), since there is no evidence in the record which would support the court's granting of the motion (*see People v Green*, 46 AD3d 324 [2007], citing *People v Harris*, 98 NY2d 452 [2002]). Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.