■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PARVEEN JAGOTA, Appellant. [8 NYS3d 594]—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered January 29, 2013, convicting her of labor trafficking (two counts) and assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support her convictions of two counts of labor trafficking (Penal Law § 135.35 [3], [4] [a]) is partially unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts and the count of assault in the second degree (Penal Law § 120.05 [2]) was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court providently exercised its discretion in permitting the expert testimony of Dr. Sujata Warrier (*see People v Thompson*, 119 AD3d 966, 966-967 [2014]; *People v Davis*, 118 AD3d 906, 907 [2014]).

The defendant's contention that the trial judge displayed bias against the defense is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rodriguez,* 111 AD3d 856, 859 [2013]; *People v Prado,* 1 AD3d 533, 534 [2003], *affd* 4 NY3d 725 [2004]). In any event, there is nothing in the record to support the defendant's claim of bias (*see People v Rodriguez,* 111 AD3d at 859). Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.