People v Castillo (2018 NY Slip Op 05482)





People v Castillo


2018 NY Slip Op 05482


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-04952
 (Ind. No. 16-00108)

[*1]The People of the State of New York, respondent,
v
Carlos Castillo, appellant.


Robert Schuster, Mt. Kisco, NY (John Lewis of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered April 5, 2017, convicting him of robbery in the second degree, grand larceny in the fourth degree, and attempted assault in the third degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with robbery in the second degree, grand larceny in the fourth degree, and two counts of attempted assault in the third degree. At a nonjury trial, the People presented eyewitness testimony that the defendant approached one of the complainants at a party and asked him about his wristwatch. The complainants testified that, after they left the party, the defendant and another person attacked them on the sidewalk and stole the wristwatch. The complainants further testified that, after the robbery, but prior to reporting it to the police, they viewed photographs of the defendant on Facebook. The court found the defendant guilty of all charges. The defendant appeals.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). "[T]he appropriate standard for evaluating [a] weight of the evidence argument is the same, regardless of whether the factfinder was a judge or jury" (People v Rojas, 80 AD3d 782, 782 [internal quotation marks omitted]). We disagree with the defendant's contention that the complainants' viewing of photographs of him after the robbery undermined the reliability of their in-court identifications of him. Both complainants testified that they had an opportunity to observe the defendant during the robbery and that they recognized him from earlier that night at the party. Accordingly, upon our review of the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court