People v Duwe (2018 NY Slip Op 06028)





People v Duwe


2018 NY Slip Op 06028


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-03691
 (Ind. No. 852/14)

[*1]The People of the State of New York, respondent,
v
Vincent Duwe, appellant.


Michael Blakey, Westhampton Beach, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered April 24, 2015, convicting him of course of sexual conduct against a child in the first degree (three counts), upon a jury verdict, and sentencing him to determinate terms of imprisonment of 10 years followed by 10 years of postrelease supervision on each conviction, with the sentence imposed on count one to run concurrently with the sentence imposed on count three and consecutively with the sentence imposed on count two, and with the sentences imposed on counts two and three to run concurrently with each other.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed on counts one and two of the indictment from terms of imprisonment of 10 years to terms of imprisonment of 7½ years; as so modified, the judgment is affirmed.
The defendant's contention that the evidence supporting his convictions was legally insufficient is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, any inconsistencies in the complainants' testimony were not of such magnitude as to render the testimony incredible or unreliable (see People v Gurgov, 129 AD3d 989, 990; People v Fernandez, 115 AD3d 977, 978).
The defendant's contention that the Supreme Court erred in permitting the People to elicit evidence of his prior bad acts involving the complainants is without merit (see People v Dorm, 12 NY3d 16, 19; People v Molineux, 168 NY 264, 291). The court providently exercised its discretion in admitting the evidence as it provided necessary background information and the [*2]probative value of this evidence outweighed its prejudicial effect (see People v Leeson, 12 NY3d 823, 827; People v Khan, 88 AD3d 1014, 1014-1015; People v Haidara, 65 AD3d 974, 974; People v Workman, 56 AD3d 1155, 1156-1157).
The Supreme Court also providently exercised its discretion in declining to order and review the school psychiatric records of the complainants. Prior to ordering the production of such records for in camera inspection, there should be "a showing of a reasonable likelihood that the records might contain material bearing on the reliability and accuracy of the witness's testimony" (People v Arnold, 177 AD2d 633, 634; see People v Duran, 276 AD2d 498, 498). Here, there was no showing that the complainants' psychiatric records were likely to contain such material.
The defendant's contention that the Supreme Court displayed bias against the defense is unpreserved for appellate review (see People v Bodie, 131 AD3d 481, 482; People v Rodriguez, 111 AD3d 856, 859). In any event, the record does not support the defendant's claim of bias (see People v Bodie, 131 AD3d at 482; People v Rodriguez, 111 AD3d at 859).
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is partially unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912). In any event, the challenged remarks were either fair comment on the evidence and reasonable inferences to be drawn therefrom, or fair response to arguments made by defense counsel in summation (see People v Halm, 81 NY2d 819, 821; People v Ashwal, 39 NY2d 105).
The sentence imposed was excessive to the extent indicated herein.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court