People v Coleman (2019 NY Slip Op 05678)





People v Coleman


2019 NY Slip Op 05678


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2015-10995
 (Ind. No. 353/14)

[*1]The People of the State of New York, respondent, 
v
Dawson Coleman, appellant.


Paul Skip Laisure, New York, NY (Charity L. Brady of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, and Bryan Cave Leighton Paisner LLP [Brett H. Ruber], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered October 8, 2015, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and violation of pedestrians' right-of-way in crosswalks, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dineen Riviezzo, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
After a nonjury trial, at which the defendant represented himself, the defendant was convicted of aggravated unlicensed operation of a motor vehicle in the first degree and violation of pedestrians' right-of-way in crosswalks in connection with an incident that occurred on January 12, 2014.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). "[T]he appropriate standard for evaluating [a] weight of the evidence argument is the same, regardless of whether the factfinder was a judge or jury" (People v Rojas, 80 AD3d 782, 782 [internal quotation marks omitted]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court conducted a searching inquiry of the defendant before concluding that his waiver of the right to counsel was made knowingly, voluntarily, and intelligently, and allowing him to proceed pro se at trial (see People v Crampe, 17 NY3d 469, 482-483; People v Arroyo, 98 NY2d 101, 103; People v Slaughter, 78 NY2d [*2]485, 491; People v Rafikian, 98 AD3d 1139, 1139-1140). There is no " rigid formula'" to be followed in such an inquiry, and the approach is a " flexible'" one (People v Providence, 2 NY3d 579, 583, quoting People v Arroyo, 98 NY2d at 104). Under the circumstances of this case, and given the defendant's age, education, and previous exposure to legal procedures (see People v Arroyo, 98 NY2d at 104; People v Smith, 92 NY2d 516, 520), the record sufficiently demonstrates that the defendant was " aware of the dangers and disadvantages of proceeding without counsel'" (People v Providence, 2 NY3d at 582, quoting People v Slaughter, 78 NY2d at 492; see People v Crampe, 17 NY3d at 473).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court