People v Cianciulli (2019 NY Slip Op 06094)





People v Cianciulli


2019 NY Slip Op 06094


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-12604
 (Ind. No. 2708/14)

[*1]The People of the State of New York, respondent,
v
Ronald Cianciulli, appellant.


John F. Carman, Garden City, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Fernando Camacho, J.), rendered October 11, 2017, convicting him of endangering public health, safety or environment in the third degree (two counts), endangering public health, safety or environment in the fourth degree, and operating a solid waste management facility without a permit, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of endangering public health, safety or environment in the third degree (two counts), and endangering public health, safety or environment in the fourth degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant was charged on a theory of accessorial liability with multiple violations of the Environmental Conservation Law related to the dumping, screening, and processing of construction and demolition debris, which contained hazardous and acutely hazardous substances. On appeal, the defendant contends that the evidence was legally insufficient to support his convictions, and the verdict of guilt was against the weight of the evidence.
We agree with the defendant's contention that the evidence was legally insufficient to support the convictions of endangering public health, safety or environment in the third degree, in violation of Environmental Conservation Law § 71-2712(1) and (2), and endangering public health, safety or environment in the fourth degree, in violation of Environmental Conservation Law § 71-2711(3). There was legally insufficient evidence that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk that the dumping, screening, and processing of the construction and demolition debris would result in the release of hazardous and acutely hazardous substances.
In light of our determination, we do not reach the defendant's contentions that his convictions on those counts were against the weight of the evidence.
However, when viewing the evidence in the light most favorable to the prosecution [*2](see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of operating a solid waste management facility without a permit, in violation of Environmental Conservation Law § 71-2703(2)(c)(i), beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence pursuant to CPL 470.15(5), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). "[T]he appropriate standard for evaluating [a] weight of the evidence argument is the same, regardless of whether the factfinder was a judge or jury" (People v Rojas, 80 AD3d 782, 782 [internal quotation marks omitted]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
RIVERA, J.P., MALTESE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court