People v Williams (2021 NY Slip Op 04156)





People v Williams


2021 NY Slip Op 04156


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-05854
 (Ind. No. 1289/18)

[*1]The People of the State of New York, respondent,
v
Kareem Williams, appellant.


Joseph A. Hanshe, Sayville, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered May 7, 2019, convicting him of criminal possession of a weapon in the second degree and criminal possession of a firearm, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his convictions are not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Pearsall, 171 AD3d 1096, 1096). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Moses, 177 AD3d 619, 620; People v Williams, 170 AD3d 1046, 1047). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his application for a missing witness charge. The defendant's application for a missing witness charge was untimely, as it was not made until the charge conference, after the close of evidence (see People v Joseph, 161 AD3d 1105, 1105; People v Mancusi, 161 AD3d 775, 776; People v Sealy, 35 AD3d 510, 510). In any event, the witness's testimony would have been cumulative (see People v Mancusi, 161 AD3d at 776), and the witness was unavailable to the People (see People v Joseph, 161 AD3d at 1105).
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court