People v Hawkins (2023 NY Slip Op 01529)

People v Hawkins

2023 NY Slip Op 01529

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-11478
 (Ind. No. 317/18)

[*1]The People of the State of New York, respondent,
v
April Hawkins, appellant.

Murray E. Singer, Port Washington, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Alexander Vidal of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered September 16, 2019, convicting her of assault in the third degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with assault in the second degree arising out of a physical altercation among several people in Queens. After a nonjury trial, the defendant was convicted of assault in the third degree as a lesser included offense of assault in the second degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt of assault in the third degree beyond a reasonable doubt (see Penal Law § 120.00; People v King, 85 AD3d 820). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence pursuant to CPL 470.15(5), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). "[T]he appropriate standard for evaluating [a] weight of the evidence argument is the same, regardless of whether the factfinder was a judge or jury" (People v Rojas, 80 AD3d 782, 782 [internal quotation marks omitted]; see People v King, 85 AD3d at 821). Upon our review of the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court