| People v McCoy |
| :---: |
| 2023 NY Slip Op 34740(U) |
| August 10, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 23-71184-002 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED

AUG 1 0 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

FILED
AND
ENTERED
ON 8 - 10 - 2023
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

- against -                                    DECISION AND ORDER

LORENZO McCOY and NILE McCOY,                 Ind. No. 23-71184-002

                              Defendants.
-------------------------------------------------------------------X

NEARY, J.

The defendant, Nile McCoy, has been charged with the crimes of Robbery in the First Degree, Robbery in the Second Degree (two counts) and Assault in the Second Degree (two counts). The defendant has made an omnibus motion which consists of a Notice of Motion and an Affirmation in support thereof. In response, the People have filed an Affirmation in Opposition together with a Memorandum of Law. Having read all of the submitted papers and reviewed the court file, this Court makes the following determination.

1.  <u>MOTION TO INSPECT THE GRAND JURY MINUTES FOR THE PURPOSE OF DETERMINING WHEHTER THE EVIDENCE BEFORE THE GRAND JURY WAS LEGALLY SUFFICIENT TO SUPPORT THE CHARGES CONTAINED IN THE INDICTMENT PURSUANT TO CPL 210.30, MOTION TO DISMISS THE INDICTMENT ON THE GROUND THAT THE EVIDENCE BEFORE THE GRAND JURY WAS NOT LEGALLY SUFFICIENT TO ESTABLISH THE OFFENSES CHARGED PURSUANT TO CPL 210.20(1)(B) AND 210.30, MOTION TO INSPECT THE GRAND JUYR MINUTES AND SUBSEQUENTLY ORDER DISMISSAL OF THE INDICTMENT ON THE GROUND THAT THE GRAND JURY PROCEEDING WAS DEFECTIVE PURSUANT TO CPL 210.10(1)(C) AND 210.35 AND MOTION TO INSPECT THE GRAND JURY MINUTES AND THEREAFTER TO REDUCE THE COUNT IN THE INDICTMENT TO A LESSER INCLUDED OFFENSE ON THE GROUND THAT THE EVIDENCE BEFORE THE GRAND JURY WAS NOT SUFFICIENT TO ESTABLISH THE COMMISSION OF THE OFFENSES CHARGED IN THE INDICTMENT</u>

The defendant's motion to inspect the Grand Jury minutes is granted. Upon an *in camera* inspection of the Grand Jury minutes by Court, the motion to dismiss the indictment or reduce a charged offense in the indictment is denied.

The Court has reviewed the minutes of the proceeding before the Grand Jury. The Grand Jury was properly instructed (see *People v. Calbud,* 49 NY2d 389, 426 NYS2d 389, 402 NE2d 1140 and *People v. Valles,* 62 NY2d 36, 476 NYS2d 50, 464 NE2d 418) and the evidence presented, if accepted as true would be legally sufficient to establish every element of the offenses charged. [See CPL §210.30(2)]. In addition, the minutes reveal that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all the evidence could participate in voting on the matter.

The Court does not find that the release of the Grand Jury minutes or certain portions thereof to the parties was necessary to assist the Court in making this determination.

[* 2]

2.    MOTION TO DELIVER TO THE DEFENDANT ALL EVIDENCE FAVORABLE TO THE DEFENDANT UNDER THE AUTHORITY OF *BRADY v. MARYLAND*

The People recognize their continuing duty to disclose exculpatory material at the earliest possible date. [See *Brady v. Maryland*, 373 US 83, 83 S Ct. 1194, 10 LE2d 215 and *Giglio v. United States*, 405 US 150, 92 S Ct. 763, 31 LE2d 104]. If the People are or become aware of any material which is arguable exculpatory, but they are not willing to consent to its disclosure, they are directed to disclose such material to the Court for its *in camera* inspection and determination as to whether such will be disclosed to the defendant.

3., 5 and 6.    MOTION TO PRECLUDE THE INTRODUCTION OF OTHER EVIDENCE OF THE DEFENDANT AT TRIAL, ON THE GROUNDS THAT THE EXECUTED WARRANT WAS OVERBROAD AND REQUIRES SUPPRESSION OF ALL ITEMS FOUND, PROSECUTION HAS NOT TIMELY SERVED A CPL 710.30 NOTICE, MOTION TO PROHIBIT THE DISTRICT ATTORNEY FROM PRESENTING CERTAIN TANGIBLE EVIDENCE SEIZED IN THIS CASE and MOTION TO SUPRESS FROM USE AT TRIAL CERTAIN TANGIBLE PROPERTY AND OTHER EVIDENCE, OR FOR A *MAPP* HEARING TO CONTEST THE VERACITY OF THE AFFIANT ON THE AFFIDAVIT SUPPORTING THE SEARCH WARRANT AND OTHERWISE CHALLENGING THE WARRANT USED AS IMPROPERLY EXECUTED; INACCURACTELY DESCRIPTIVE OF PREMISES TO BE SEARCHED AND PROPERTY TO BE SEIZED; THE LACK OF JURISDICTION OF THE COURT; THE SEARCH EXCEEDING THE SCOPE OF THE WARRANT AND THE PROPERTY SEIZED BEING BEYOND THAT AUTHORIZED BY THE WARRANT

The defendant's motion to suppress physical evidence obtained pursuant to a search warrant is denied. The Court has reviewed the affidavit in support of the search warrant in

[* 3]

evidence could be located at the location described in the warrant. The Court finds that the warrant and related papers are proper in all respects.

The defendant's motion to controvert the search warrant is denied as he had failed to make the necessary substantial preliminary showing that the warrant was based upon an affidavit containing false statements made knowingly or intentionally or with reckless disregard for the truth. [See *Frank v. Delaware*, 438 US 154 (1978); *People v. Alfinito*, 16 NY2d 181 (1965); *People v. Katharu*, 7 AD 403 (2004); *People v. Rhodes*, 49 AD3d 668 (2008)]. The facts presented to the issuing magistrate were sufficient to establish probable cause for the search of the defendant's home. [See *People v. Tambe*, 71 NY2d 492 (1988)].

4.   MOTION TO SUPPRESS POTENTIAL TESTIMONY REGARDING AN OBSERVATION OF THE DEFENDANT EITHER AT THE TIME OR PLACE OF THE COMMISSION OF THE OFFENSE OR UPON SOME OTHER OCCASION RELEVANT TO THE CASE, UPON THE GROUNDS THAT SUCH TESTIMONY WOULD BE INADMISSIBLE AT TRIAL BECAUSE OF AN IMPROPERLY MADE PREVIOUS IDENTIFICATION OF THE DEFENDANT, OR FOR A *WADE* HEARING

This motion is granted with respect to the February 27, 2023 viewing of video stills to the limited extent of conducting a hearing prior to trial to determine whether or not any identifying witness had a prior familiarity with either defendant, the basis of which would render that witness impervious to suggestion with respect to any identification procedure. [See *People v. Rodriguez*, 78 NY2d 445].

With respect to the viewing at the Grand Jury of video, the motion is denied. When the People oppose a *Wade* hearing because the parties are known to each other, a court is permitted to consider the Grand Jury testimony. [See *People v. Roriguez*, 47 AD3d 417, 849 NYS2d 232 (1st

Dept., 2008); *People v. Rumph*, 248 AD2d 142, 670 NYS2d 68 (1st Dept., 1998); *People v. Won*, 208 AD2d 393, 617 NYS2d 161 (1st Dept., 1994)]. In this case, the witness testimony before the Grand Jury established that the witness was very familiar with the defendant before the witness was asked to identify the defendant in  single photograph and that the identification was merely confirmatory. [See *People v. Rodriguez*, 79 NY2d 445, 451-452, 593 NE2d 268, 583 NYS2d 814 (1992); *People v. Rodriguez*, 111 AD3d 856, 857, 975 NYS2d 132 (2013); *People v. Whitlock*, 95 AD3d 909, 911, 943 NYS2d 227 (2012)]. The record is clear that the identifying witness had a prior familiarity with the defendant, the basis of which would render the witnesses impervious to suggestion with respect to any identification procedure. [See *People v. Rodriguez*, 79 NY2d 445]. Moreover, the viewing in question did not involve anything resembling a selection process. [See *People v. Gee*, 99 NY2d 158].

7., 8. and 10.  MOTION TO PROHIBIT THE DISTRICT ATTORNEY FROM QUESTIONING THE DEFENDANT FOR THE PURPOSE OF IMPEACHING THE DEFENDANT'S CREDIBILITY, SHOULD THE DEFENDANT CHOOSE TO TESTIFY AT TRIAL, CONCERNING ANY ALLEGED PREVIOUS BAD ACTS, ARRESTS OR CONVICTIONS IN WHICH THE DEFENDANT MAY HAVE BEEN INVOVLED, MOTION TO REQUIRE THE PROSECUTOR TO DISCLOSE ANY PAST UNCHARGED ACTS THAT WILL BE USED AT TRIAL TO IMPEACH THE DEFENDANT and MOTION TO PROHIBIT THE PROSEUCTION FROM PRESENTING , IN ITS DIRECT CASE OR ON REBUTTAL, ANY EVIDENCE THAT THE DEFENDANT COMMITTED ANY OTHER CRIME

Immediately prior to commencement of jury selection, the prosecutor shall, upon request of the defendant, notify the defendant of any prior criminal act which the People seek to use in the cross-examination of the defendant as well as all specific instances of the defendant's

prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for the purposes of impeaching the credibility of the defendant. Thereafter, upon the defendant's request, the trial court shall conduct a *Sandoval* and/or *Ventimiglia* hearing prior to the commencement of trial. [See *People v. Sandoval*, 34 NY2d 371 (1974); *People v. Ventimiglia*, 52 NY2d 350 (1981); *People v. Molineux*, 168 NY 264 (1901)].

9. <u>MOTION TO REQUIRE THAT ANY HEARINGS GRANTED IN THIS CASE BE HELD AT LEAST TWENTY DAYS PRIOR TO THE COMMENCEMENT OF THE TRIAL IN ORDER TO ALLOW SUFFICIENT TIME FO THE TRANSCRIPTION OF THE MINUTES</u>

The defendant's motion to schedule pre-trial hearings twenty days prior to trial is denied. The hearings will be scheduled at a time that is convenient to the Court, upon due consideration of all of its other cases and obligations.

11. <u>MOTION TO PERMIT THE RENEWAL OF ALL MOTIONS</u>

Upon a proper showing, the Court will entertain appropriate additional motions based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised in this motion. [See CPL §255.20(3)].

*People v. Nile McCoy*
Indictment No. 23-71184-002

This constitutes the opinion, decision and order of this Court.

Dated: White Plains, New York
       August 10, 2023

_____
ROBERT A. NEARY
SUPREME COURT JUSTICE

Rachel Ehrhardt
Assistant District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
rehrhardt@westchesterda.net

Anthony M. Giordano, Esq.
Attorney for Defendant Nile McCoy
23 Spring Street, Suite 204A
Ossining, New York 10562
amg@westchestercountynylaw.com

[* 7]