People v Kearsley (2024 NY Slip Op 05566)

People v Kearsley

2024 NY Slip Op 05566

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2019-11477
 (Ind. No. 317/18)

[*1]The People of the State of New York, respondent,
v
Dionne Kearsley, appellant.

Patricia Pazner, New York, NY (Chelsey Amelkin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Manipal Singh of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered September 16, 2019, convicting her of assault in the third degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged, inter alia, with assault in the third degree arising out of a physical altercation amongst several people at the Baisley Park Houses in Queens in 2017. After a nonjury trial, the defendant was convicted of assault in the third degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt of assault in the third degree beyond a reasonable doubt (see Penal Law § 120.00; People v King, 85 AD3d 820). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence pursuant to CPL 470.15(5), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). "[T]he appropriate standard for evaluating [a] weight of the evidence argument is the same, regardless of whether the factfinder was a judge or jury" (People v Rojas, 80 AD3d 782, 782 [internal quotation marks omitted]; see People v King, 85 AD3d at 821). Upon our review of the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court did not err in declining her request for a missing witness charge, as the People demonstrated that any testimony that this witness could have provided would have been cumulative (see People v Williams, 195 AD3d 1050, 1051), and defense counsel was permitted to comment during summation on the People's failure to call the witness in question (see People v Grant, 170 AD3d 888, 890).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court